IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FLORENCE IRENE FRAZIER,                )
                                        )
        Plaintiff,                      )
                                        )
    v.                                  )
                                        )  Civil Action No. 13-28
CAROLYN W. COLVIN,                      )
COMMISSIONER OF                         )
SOCIAL SECURITY,                        )
                                        )
        Defendant.                      )

## MEMORANDUM AND ORDER OF COURT

Presently before the court is defendant's Motion to Dismiss Plaintiff's Complaint (Document No. 2). For reasons explained below, defendant's motion will be granted.

On January 7, 2013, plaintiff filed her complaint against the Commissioner of Social Security. On March 5, 2013, the Commissioner filed a motion to dismiss the complaint, arguing that plaintiff failed to timely initiate a civil action following the Social Security Administration's final decision denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").[1] Although the Appeals Council granted plaintiff's request for an extension of time until January 3, 2013, to file a civil action, she did not file her complaint until

---

[1] We note that defendant has failed to indicate the Federal Rule of Civil Procedure on which she relies in seeking dismissal of plaintiff's complaint. However, since defendant argues that plaintiff's complaint was not timely filed and thus is barred by the applicable statute of limitations, it would appear to have been raised under Rule 12(b)(6). See Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (reiterating that Third Circuit law permits a limitations defense to be raised in a Rule 12(b)(6) motion, but only if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations"). Here, the record includes a notice from the Appeals Council granting plaintiff an extension of time until January 3, 2013, to file her civil action and there is no dispute that plaintiff's complaint was not filed until January 7, 2013. Indeed, plaintiff candidly admits that she filed the complaint four days late. See plaintiff's Response in Opposition to Defendant's Motion to Dismiss (hereinafter, "plaintiff's Response") (Document No. 5), ¶¶1,4.

January 7, 2013. Thus, the Commissioner argues that plaintiff's complaint should be dismissed because is was untimely, and there are no circumstances present in this case that justify equitable tolling of the limitations period.

On April 1, 2013, plaintiff filed a response in opposition to defendant's motion to dismiss her complaint. Although plaintiff admits that she did not seek an additional extension of time to initiate the civil action and further admits that she did not file her complaint until January 7, 2013, which was four days late, she contends that the complaint should not be dismissed. See plaintiff's Response, ¶¶1, 4. According to plaintiff, her counsel had emergency gall bladder surgery on December 6, 2012, and did not return to his office until January 7, 2013, the date her complaint was filed. Id., ¶2. Plaintiff asserts that "efforts were made by office staff to prepare and file [a] complaint electronically and was unable to do so although a draft had been prepared by counsel." Id., ¶3. Plaintiff contends that good cause exists for her untimely filing based on her counsel's surgery and subsequent recovery, thus the statute of limitations should be tolled.

The court has reviewed a declaration of James Jones, who is the Chief of Court Case Preparation and Review Branch 2 of the Office of Appellate Operations, Office of Disability Adjudication and Review for the Social Security Administration, submitted in support of defendant's motion to dismiss. According to Mr. Jones' declaration and the attachments thereto, an Administrative Law Judge ("ALJ") issued a decision denying plaintiff's claim for DIB and SSI benefits on January 14, 2010. The Appeals Council issued a notice denying plaintiff's subsequent request for review of the ALJ's decision on March 22, 2012. The Appeals Council's notice advised plaintiff that if she desired to file a civil action seeking review in federal district court, she must do so within 60 days. The notice further advised that she may ask the Appeals Counsel to extend

the time to file a civil action if necessary.[2] On November 29, 2012, the Appeals Council granted plaintiff's request for an extension of time to file a civil action for 30 days from the date she received the notice. The Appeals Council's notice stated that it would assume plaintiff received the notice five days after November 29, 2012, unless plaintiff showed that she did not receive it within the five day period. Plaintiff did not make any such showing, thus she was required to commence a civil action by January 3, 2013.

The procedure for judicial review of final decisions by the Social Security Administration requires an individual who has been denied benefits to commence a civil action in the appropriate federal district court "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. §405(g). The United States Supreme Court has held that the 60-day appeal period constitutes a statute of limitations that is not jurisdictional. See Bowen v. City of New York, 476 U.S. 467, 478 (1986). Section 405(g) makes it clear that the Commissioner may extend the time to file a civil action. Further, the Supreme Court has held that traditional equitable tolling principles apply to the limitations period under §405(g). Id. at 480; see also Kramer v. Commissioner of Social Security, 461 Fed. Appx. 167, 169 (3d Cir. 2012) (applying rules regarding equitable tolling of a statute of limitations in the case of a social security appeal). The Third Circuit has held that equitable tolling may be appropriate in three principal situations: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted

---

[2]Under the Social Security Regulations, the civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review . . . is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. §422.210(c). For purposes of computing that date, "the date of receipt of notice of denial . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id.

his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). The plaintiff bears the burden of establishing that equitable tolling applies. Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir. 1997).

In this case, plaintiff requested, and was granted, one extension of time to commence her civil action, which made her complaint due by January 3, 2013. Having obtained one extension, plaintiff no doubt was keenly aware that she could have requested additional time if she was unable to file her complaint by the January 3, 2013, deadline, but admits that she did not do so. Nevertheless, plaintiff argues that her complaint should not be dismissed because her counsel underwent emergency surgery on December 6, 2012, and did not return to his office until January 7, 2013, the date her complaint was filed. Plaintiff claims that the statute of limitations should be tolled because she has established good cause for her untimely filing based on her counsel's surgery and subsequent recovery.

Plaintiff has not sustained her burden of establishing that equitable tolling should be applied here. She does not argue that any of the three situations for applying equitable tolling are present in her case, but rather claims that her counsel's health problem provides good cause for the untimely filing. Construed liberally, the only possible basis for equitable tolling is that she was prevented in some extraordinary way from asserting her rights; however, this argument fails.[3] Plaintiff already had requested and obtained one extension of time from the Appeals Council to file her civil action. An additional extension of time could have been requested if her counsel's health condition was a concern. In light of the circumstances presented, we discern no basis to apply equitable tolling in this case, especially considering the Supreme Court's admonition that equitable

---

[3] To the extent plaintiff would claim that she was prevented from asserting her rights because of her counsel's error, such an argument is foreclosed because "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

AO 72
(Rev. 8/82)

tolling is "to be applied sparingly." National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002); see also, Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (observing that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

In sum, plaintiff's complaint was not filed within the required period of time, and she has failed to establish that this is one of the rare occasions where equitable tolling should be applied. Accordingly, plaintiff's complaint must be dismissed as untimely.

An appropriate order will follow.

ORDER OF COURT

AND NOW, this 6th day of May, 2013, for the reasons set forth in the memorandum above, IT IS ORDERED that defendant's Motion to Dismiss Plaintiff's Complaint (Document No. 2) be, and the same hereby is, granted, and this case is dismissed.

Gustave Diamond
United States District Judge

cc: Carmen F. Lamancusa, Esq.
Lamancusa & Cilli
414 North Jefferson Street
New Castle, PA 16101

Paul Kovac
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

AO 72
(Rev. 8/82)